UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAYTHAMANI MOHAMED HASSAN, | No. |
| Plaintiff, | |
| v. | NOTICE OF REMOVAL |
| THE BOEING COMPANY, a Delaware corporation, | |
| Defendant. | |

TO:   **THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant The Boeing Company ("Boeing") removes this action to this Court from the Superior Court of the State of Washington for King County. In support of this Notice, Boeing respectfully states:

### STATE COURT ACTION

1.   Plaintiff Haythamani Mohamed Hassan (hereinafter "Plaintiff") served Boeing with a summons and copy of the Complaint in this lawsuit on August 30, 2022. Declaration of Erica Loud ("Loud Decl.") at p. 2, ¶ 4. True and correct copies of the Summons and Complaint are attached to this Notice as Exhibit A. No other process, pleadings, or orders have been served on Boeing.

NOTICE OF REMOVAL – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92500895.2

2. Plaintiff's Complaint alleges failure to reasonably accommodate a disability in violation of the Washington Law Against Discrimination ("WLAD") (*see* Compl. at ¶ III.1), and "discriminatory and/or retaliatory wrongful termination" (*see* Compl. at ¶ III.2).

3. Pursuant to Washington Superior Court Civil Rule 3, Plaintiff commenced a civil action by serving the Complaint with Summons on Boeing, but did not file the Complaint with the King County Superior Court. *See* CR 3 ("[A] civil action is commenced by service of a copy of a summons together with a copy of a complaint … or by filing a complaint.").

4. In *Hill v. State Farm Insurance*, this Court found service of a complaint with process starts the timeline for removal. No. 13-CV-0607JLR, 2013 WL 3242529, at *3 (W.D. Wash., June 24, 2013). Accordingly, Boeing files this Notice of Removal within thirty (30) days of service of the initial pleadings, in compliance with 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

5. This action is removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000. This Notice is timely filed and all other procedural requirements are met.

### Complete Diversity in Citizenship

6. Plaintiff alleges that he is a resident of King County, Washington. Compl. at ¶ I.1. Plaintiff is thus a citizen of Washington.

7. Boeing is a corporation organized and existing under the laws of Delaware. Boeing's headquarters and principal place of business are located in Arlington, Virginia. Boeing is thus a citizen of Delaware and Virginia. Loud Decl. at p. 1, ¶ 2; *see also* 28 U.S.C. § 1332(c)(1).

8. Accordingly, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

NOTICE OF REMOVAL – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92500895.2

**Amount in Controversy**

9.    The Court should conclude based on a preponderance of evidence that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.  A removing defendant may make the requisite showing that Section 1332's jurisdictional threshold of $75,000 is satisfied by either (1) demonstrating that it is facially apparent from the complaint that the claims likely exceed $75,000 or (2) setting forth facts in the notice of removal that support a finding of the requisite amount under a preponderance of evidence standard.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  Although Plaintiff does not specify the dollar amount he seeks in damages in the Complaint, a reasonable person, reading the Complaint, would conclude that Plaintiff "more likely than not" seeks damages in an amount greater than $75,000.  *Id.* at 699; LCR 101.  By the statements contained in this Notice of Removal, Boeing does not concede that Plaintiff is entitled to any damages.

10.    Plaintiff's Complaint seeks (1) back pay and front pay, (2) "compensation for impaired future earning capacity," (3) prejudgment interest, (4) damages for "humiliation, loss of enjoyment of life, pain and suffering, personal indignity, embarrassment, fear, sadness, anger, anxiety, anguish, and other forms of emotional distress Plaintiff has experienced," (5) damages for "physical injury caused by a failure to accommodate disability," (6) "all other actual damages pursuant to RCW 49.60 and other applicable law," (7) attorneys' fees and costs, and (8) "such other and further relief as this court deems just and equitable." Compl. at Section IV.

11.    Plaintiff's employment with Boeing ended on August 1, 2020.  Loud Decl. at p. 1, ¶ 3.  Plaintiff does not allege whether he has remained unemployed since that date.  Plaintiff's most recent rate of pay at Boeing was $147,775.00 per year.  *Id*.  If trial were held today, and assuming Plaintiff has remained unemployed since August 1, 2020, the dollar value of Plaintiff's alleged lost back wages would be over $307,864.50, exclusive of his benefits.  Thus, Plaintiff's claim for back pay alone meets the $75,000 threshold.  Taking into consideration any request for

NOTICE OF REMOVAL – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92500895.2

front pay, and the likelihood that this case will be tried more than a year from now, his damages undoubtedly meet the $75,000 threshold.

12.    Plaintiff's Complaint also seeks attorneys' fees and costs. Compl. Section IV, ¶ 9. Where, as here, attorneys' fees are recoverable under applicable state statute like the WLAD, reasonable attorneys' fees are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (holding "that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.").

13.    The combined value of Plaintiff's claimed damages for the alleged violations of state law, including: (1) back and front wages, (2) emotional distress and other general compensatory damages, and (3) attorneys' fees and costs,  leave no doubt that a reasonable person would conclude the amount in controversy here exceeds the $75,000 threshold required for diversity jurisdiction. *See, e.g.*, *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if Plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement).  Thus, based upon a preponderance of the evidence, Boeing has established the amount in controversy "more likely than not" exceeds $75,000. *See Guglielmino*, 506 F.3d at 698.  This Court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### ACTION REMOVABLE

14.    This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court.  This Court is the district court of the United States for the district and division "embracing the place where [the state court] action is pending," and is therefore the appropriate court for removal.  28 U.S.C. § 1441(a).

NOTICE OF REMOVAL – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92500895.2

15. Boeing chooses to remove this action to the Seattle Division of this Court because Plaintiff's claims arose in King County.  Compl. ¶ 1.1.

16. This Notice is filed with the Court within thirty (30) days after receipt by Boeing of the Complaint, in accordance with 28 U.S.C. § 1446(b).

**PLEADINGS FILED AND SERVED**

17. Boeing served this Notice of Removal and its exhibits, as well as a Notice to Plaintiff of Removal, on Plaintiff by mail and email on September 23, 2022.

18. True and correct copies of the Summons and Complaint Boeing received on August 30, 2022 are attached hereto as Exhibit A.  No Verification of State Court Records is filed with this Notice because Plaintiff has not yet filed any pleadings.

19. No Notice of Filing of Removal will be filed with the Clerk for the King County Superior Court because Plaintiff has not yet filed any pleadings with the King County Superior Court.

Dated: September 23, 2022

By: s/ Paul E. Smith
Paul E. Smith, WSBA No. 21158
s/ Shannon McDermott
Shannon McDermott, WSBA No. 59455
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
PSmith@perkinscoie.com
SMcDermott@perkinscoie.com

Attorneys for Defendant
THE BOEING COMPANY

NOTICE OF REMOVAL – 5

92500895.2

# CERTIFICATE OF SERVICE

On September 23, 2022, I caused to be served upon the below named counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| Stephen Teller, WSBA No. 23372 | ☐ | Via Hand Delivery |
|---|---|---|
| Teller & Associates, PLLC, d.b.a. Teller Law | ☑ | Via U.S. Mail, 1st Class, Postage Prepaid |
| 1139 34th Ave, Suite B | | |
| Seattle, WA 98122 | ☐ | Via Overnight Delivery |
| Telephone: (206) 324-8969 | ☑ | Via Email |
| Fax: (206) 860-3172 | ☑ | Via E-service |
| steve@stellerlaw.com | | |
| **Attorney for Plaintiff** | | |

**I certify under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.**

EXECUTED at Seattle, Washington, on September 23, 2022.

*s/Kayani Bituin*
Kayani Bituin, Legal Practice Assistant

CERTIFICATE OF SERVICE

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92500895.2