**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| HAYTHAMANI MOHAMED HASSAN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>　　　　　　　Defendant. | NO. 22-cv-01345<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

COMES NOW the Plaintiff and complains of Defendants as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff was at all times material to this action, a resident of King County, Washington.

2. The Boeing Company ("Boeing") is a Delaware corporation doing business in King County, Washington, with its headquarters at 100 North Riverside Plaza, Chicago, Illinois, which may have subsidiaries or related corporations known by other names and which are intended to be Defendant(s) herein. For purposes of identification, the relevant Defendant Boeing employed Plaintiff, who is identified herein by his employee number, name, and dates of employment.

3. This Court has jurisdiction over the parties and claims herein pursuant to RCW 2.08.010.

4. The registered agent for said Defendant Boeing is Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington 98501.

5. Venue is proper in this Court under RCW 4.12.025.

## II. FACTUAL ALLEGATIONS

### A. Plaintiff Was a Boeing Engineer

6. Plaintiff Haytham Mohamed Hassan was an employee of Defendant.

7. His employee number was 2149989.

8. Plaintiff was an employee of Defendant from on or about July 5, 2011 until on or about July 31, 2020.

9. He was employed as an interior design engineer for airplanes and was initially assigned to the 787 Seat Program. Skill Code: 6F5CP4.

10. His Job Title was Structural and Payloads Design Engineer, Level 4.

### B. Plaintiff Became Disabled During His Employment

11. Plaintiff became disabled during the course of his employment with Boeing. On his honeymoon in 2015, he contracted an aspergillosis infection, which has rendered him paraplegic. After this event, he cannot move his legs and uses a wheelchair to move around instead of walking.

12. Due to the initial onset of the illness, he requested and accepted Boeing's standard medical leave of absence until February 2018, at which time he returned to work.

### C. Plaintiff Performed His Work Satisfactorily

13. Mr. Mohamed Hassan is disabled from walking, but not disabled from working.

14. During the period of his disability, Plaintiff's work resulted in manufacturing savings of $2.4 million over 7 years for the interior structure of the 777X along with proof that the previously delivered 777-300ER airplanes could be upgraded for a revenue opportunity for Boeing Global Services which is valued at another $3.9 million.

15. This recognition was delivered on the date of his layoff.

### D. Plaintiff Experienced Failures to Accommodate His Disability

AMENDED COMPLAINT AND JURY DEMAND- 2

Teller Law
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969   Fax: 860-3172

16. After his medical leave of absence, Plaintiff returned to work in the Seat Tech Center in February 2018, with a doctor's instruction that his work should be:

- Temporarily limited to 6 hours per day.
- Three days virtual; two days onsite.
- Legs must be elevated 75% of working time.

17. In April, 2018, Defendant refused to accommodate Plaintiff in his role in the Seat Center (hereinafter "Seats" or "Seat Department"), claiming that movement around the airplane seats was required and was incompatible with Plaintiff's wheelchair-bound status.

18. Plaintiff disagreed with this assessment.

19. Many engineers in the Seat Department are not required to crawl around an airplane as part of their job.

20. Plaintiff's disability did not bar him from essential functions of his role in the Seats Department.

21. On other occasions Plaintiff's doctors instructed Boeing that Plaintiff needed to work from home multiple days a week, and could only work on site limited days and limited hours.

22. Plaintiff had pressure ulcers on his heels and coccyx and venous stasis wounds on his legs.

23. These wounds and ulcers were made worse by prolonged sitting with his feet below his heart.

24. Plaintiff's doctors imposed, and Boeing agreed to observe, a permanent restriction on his work environment which required elevation of his legs for 75% of his shift.

25. Plaintiff also needed to travel to his doctor's office for wound care frequently.

26. These limitations and restrictions were intended to support healing of Plaintiff's pressure ulcers.

27. Plaintiff's doctor was clear with Boeing that this limited workplace schedule was

"vital" for his health condition.

28. These and similar restrictions and limitations, which needed to be accommodated, were repeated and were in place throughout the Plaintiff's remaining years at Boeing.

**E. Plaintiff's Restrictions Were Not Followed, and His Ulcers Worsened**

29. In May, 2018 Plaintiff was involuntarily transferred to a "Materials Process & Physics Engineer 4" position in the "Flammability" program where his job involved reviewing documents, test trials, and test reports.

30. During this time frame, Boeing failed to accommodate Plaintiff's need for work from home, calling him in to the workplace frequently when he should have been working from home.

31. Working at home, Plaintiff was able to elevate his legs and take better care of his wounds than when he was forced to travel to work and be present in the workplace.

32. Boeing also failed to accommodate Plaintiff's need to elevate his legs when it failed to purchase an appropriate reclining/sit/stand/adjustable chair or wheelchair for Plaintiff's use at the office.

33. Boeing failed to accommodate Plaintiff's need for support getting in from the main entrance to his desk, such that by the time he arrived he was often exhausted.

34. This is not intended as a complete list of Boeing's failures to accommodate.

35. Plaintiff's doctors repeatedly informed Boeing that hours of work with his legs hanging down was likely to injure Plaintiff, and/or hinder his recovery.

36. Despite this notice and knowledge of the need for accommodation, Boeing failed to support Plaintiff's need to elevate his legs, and called him in to work (necessitating travel which required his legs to hang down) daily instead of following his doctor's restriction which limited time on working from the office.

37. As a result of the failures to accommodate his disability, Plaintiff's pressure ulcers and venous stasis wounds worsened substantially.

38. On October 16, 2019, Plaintiff was forced out of the workplace by the failure to accommodate and remained on a leave of absence until April 20, 2020.

39. Boeing had agreed to accommodate, but had repeatedly failed to do so while never stating it refused.

40. These facts constitute a continuing violation of civil rights as well as a failure to accommodate.

41. With proper treatment of his legs, as had been required by his doctors and should have been complied with by Defendant Boeing, Plaintiff's wounds began to improve.

**F. Plaintiff Was Laid Off Despite Saving the Company Millions**

42. Plaintiff returned to work from his Leave of Absence in April 2020, then was moved to the "Galley Insert Team."

43. While on that team and while conducting prior work, Plaintiff's work resulted in a savings of $2.4 million over 7 years for the interior structure of the 777X and proof that the previously delivered 777-300ER airplanes could be upgraded for a revenue opportunity for Boeing Global Services which is valued at another $3.9 million. The recognition was delivered on the date of his layoff.

44. Plaintiff was laid off as a result of being involuntarily transferred away from the programs where he was productive. He could instead have been accommodated in the prior positions.

45. Plaintiff has not been recalled to return to work.

46. The Defendant Boeing is liable for the actions of its agents, and its employees and managers under the doctrine of Respondeat Superior.

### III. CAUSES OF ACTION

Plaintiff re-alleges and incorporates the allegations above to each of the following:

1. **Failure to Accommodate in Violation of State Law.** Boeing failed to reasonably

accommodate Mr. Mohamed Hassan's disability. Defendants' actions violated the Washington Law Against Discrimination, RCW Chapter 49.60. As a proximate result of Defendants' discriminatory actions, Mr. Mohamed Hassan has been damaged as referenced below in amounts to be demonstrated at trial. These damages include physical injury, worsening of his medical condition, emotional distress, loss of wages, and other damages.

2.  **Discriminatory and/or Retaliatory Wrongful Termination.** As a result of his requests for accommodation, and/or the failure to accommodate, and/or discrimination against him because of his disability, Boeing laid off Mr. Mohamed Hassan and failed to recall him from layoff, causing lost wages.

3.  **Other Claims.** Mr. Mohamed Hassan reserves the right to conduct discovery into alternative claims and additional defendants, and to amend these claims as necessary.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages as appropriate to compensate for such injuries, as described above, under law as appropriate, including:

1.  Lost past wages and the value of benefits to the time of trial and for a reasonable period thereafter, however long that may be;

2.  Unpaid wages;

3.  Reinstatement to the job, or in the alternative, "Front pay" and benefits through the time of trial and for a reasonable period into the future;

4.  Compensation for impaired future earning capacity;

5.  Prejudgment interest on lost wages and other liquidated sums;

6.  Damages for humiliation, loss of enjoyment of life, pain and suffering, personal indignity, embarrassment, fear, sadness, anger, anxiety, anguish, and other forms of emotional distress Plaintiff has experienced, in amounts to be proven at trial.

7.  Damages for physical injury caused by a failure to accommodate disability.

1  8. That Plaintiff be awarded all other actual damages pursuant to RCW 49.60 and other
2  applicable law.
3  9. That the court award attorneys' fees and actual costs; and
4  10. For such other and further relief as this court deems just and equitable.

## V. JURY DEMAND

Plaintiff hereby demands a trial by jury of 12 persons.

DATED this 23rd day of September, 2022.

*/s/ Stephen A. Teller*

Stephen A. WSBA #23372
Teller & Associates, PLLC, d.b.a. Teller Law
Attorney for Plaintiff

AMENDED COMPLAINT AND JURY
DEMAND- 7

**Teller Law**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

# CERTIFICATE OF SERVICE

On the date shown below I hereby certify that I caused to be served upon the counsel named below the document to which this is appended, namely the AMENDED COMPLAINT AND JURY DEMAND, by filing the same with the Court's CM/ECF system which causes service on the following

**Counsel for Defendant:**

Paul. E. Smith – via email PSmith@perkinscoie.com, RBecken@perkinscoie.com
Shannon McDermott – (on pleadings but not yet on CM/ECF under smcdermott@perkinscoie.com)
And the following additional email: DocketSEA@perkinscoie.com,
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

And by any additional method described here:

DATED this 23rd of September, 2022

s/ Stephen Teller
_____
Stephen Teller

AMENDED COMPLAINT AND JURY DEMAND- 8

**Teller Law**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969   Fax: 860-3172