UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAYTHAMANI MOHAMED HASSAN,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware Company with its headquarters in Illinois doing business in the state of Washington,<br><br>Defendant. | Case No. 2:22-CV-01345-RSM<br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Boeing's Motion for Partial Summary Judgment.  Dkt #20.  Plaintiff Haythamani Mohamed Hassan opposes.  Dkt. #23.  Neither party has requested oral argument.  For the following reasons, the Court DENIES Boeing's Motion.

## II.   BACKGROUND

As this is a Motion for Partial Summary Judgment, a complete background of this case is unnecessary. The Court will focus on those facts necessary for deciding the limited issues below.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 1

Mr. Hassan worked for Boeing as an interior design engineer for airplanes from July 2011 to July 2020. Dkt. #5 at ¶¶ 8-9. While on his honeymoon in 2015, Mr. Hassan contracted an aspergillosis infection that rendered him paraplegic. *Id.* at ¶ 11. Due to the initial onset of the illness, Mr. Hassan alleges he "requested and accepted Boeing's standard medical leave of absence until February 2018, at which time he returned to work." *Id.* at ¶ 12. Mr. Hassan returned to work in the Seat Tech Center in February 2018, with limitations imposed by his medical providers. *Id.* at ¶¶ 16, 21, 24, 28. According to Mr. Hassan, Boeing "refused to accommodate him in his role in the Seat Center." *Id.* at ¶¶ 17, 30, 32, 33, 36. On January 13, 2020, Mr. Hassan filed a claim with the Washington Department of Labor and Industries ("L&I"), claiming that his medical condition worsened due to occupational exposure and/or industrial injury while working for Boeing. Dkt. #21-1. On June 23, 2020, L&I denied Mr. Hassan's claim. The Order stated as follows:

> There is no proof of a specific injury at a definite time and place in the course of employment.
>
> The worker's condition is not the result of an industrial injury as defined by the Industrial Insurance Laws.
>
> The worker's condition is not an occupational disease as contemplated by section 51.08.140 RCW.

Dkt. #21-3.

On September 23, 2020, L&I affirmed the June 23, 2020, Order. Dkt. #21-5. Mr. Hassan appealed the decision. Dkt. #21-7. On July 12, 2022, Mr. Hassan and Boeing reached a settlement agreement, and based on that agreement, Mr. Hassan's counsel requested dismissal of Mr. Hassan's pending appeals. Dkt. #21-10. The Board of Industrial Insurance Appeals issued an Order Dismissing Appeals of the denial of Mr. Hassan's claim, and Mr. Hassan did not appeal. Dkt. #21-11. Mr. Hassan now brings forth a failure-to-accommodate claim in

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 2

violation of state law as well as a discriminatory and/or retaliatory wrongful termination claim against Boeing. Dkt. #5.

### III. DISCUSSION

#### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

#### B. Analysis

Boeing moves for partial summary judgment on Mr. Hassan's reasonable accommodation claim under the Washington Law Against Discrimination. It argues that the

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 3

claim in the instant matter should be dismissed because the Board of Industrial Insurance Appeals issued a decision as to the same matter in 2020. Dkt. #20 at 8-21.

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008). "[W]hen the parties to two successive proceedings are the same, and the prior proceeding culminated in a final judgment, a matter may not be relitigated, or even litigated for the first time, if it could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding." *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 328-29, 941 P.2d 1108 (1997). Under Washington law, res judicata applies where a subsequent action consists of: (1) the same subject matter; (2) the same cause of action; (3) the same persons or parties; and (4) the same quality of persons for or against whom the decision is made as did prior adjudication. *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818 (2011). Factors three and four are met here because Boeing and Mr. Hassan are the only parties to both actions. Our focus, therefore, is on whether the subject matter of the suits is identical and whether the causes of action are the same.

In considering whether the same subject matter is involved, we look to the nature of the claim and the nature of the parties. *Hayes v. City of Seattle*, 131 Wn.2d 706, 712-13, 934 P.2d 1179 (1997). Though both claims involve similar facts, "the same subject matter is not necessarily implicated." *Mellor v. Chamberlin*, 100 Wn.2d 643, 646, 673 P.2d 610 (1983). In *Mellor*, for example, the court held that even though two lawsuits arose out of the same sale of property, the subject matter was distinct. *Id.* The first lawsuit in that case disputed whether the sellers misrepresented a parking lot as part of the sale of the property; whereas the second lawsuit dealt with whether a claim of encroachment on that same property breached the

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 4

covenant of title. *Id.* Though the seller in *Mellor* contended that the buyer should have raised the second claim during the first lawsuit, and that because they failed to do so, the second claim was now barred by res judicata, the court held that both claims were distinct and could be raised separately. *Id.* Similarly here, both prior and subsequent claims differ. The prior action before the Department of L&I dealt with whether worker's compensation was warranted under the Industrial Insurance Act, whereas the claim before this court is whether Boeing's failure to accommodate Mr. Hassan's disability proximately caused harm to Mr. Hassan. Thus, though these claims arise out of similar facts, the subject matter involved is distinct.

Further, the Industrial Insurance Act (IIA) distinguishes employment discrimination claims from worker's compensation claims. Generally, the IIA typically precludes employee recovery outside of the workers' compensation scheme. RCW 51.04.010. However, the legislature created a limited exception, permitting tort recovery if an "employer acts with deliberate intention when it willfully disregards actual knowledge that employee injury is certain to occur." *Vallandigham v. Clover Park School Dist. No. 400*, 154 Wn.2d 16, 17-18, 109 P.3d 805 (2005). Here, Mr. Hassan first sought worker's compensation through the Department of L&I by claiming that his medical and physical conditions were worsened "by occupational exposure and/or industrial injury while working for the Employer." Dkt. #21-9 at 1. Before this court Mr. Hassan now claims that "Boeing failed to reasonably accommodate [his] disability," and that such failure proximately injured him. Dkt. #5 at 6. Boeing argues that Mr. Hassan's subsequent claim is barred by res judicata, since both claims are ultimately the same. Mr. Hassan responds by claiming that the subsequent failure-to-accommodate claim falls under the IIA exception as an employee discrimination claim. That certainly could be the case, depending on how the facts shake out. In *Doe v. Boeing*, the court held that an employer's "[f]ailure to

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 5

reasonably accommodate the [sensory, mental, or physical limitations of a disabled] employee constitutes discrimination" unless the employer can demonstrate that such accommodation would result in undue hardship to the employer's business. *Doe v. Boeing Co.*, 121 Wn.2d, 8, 17, 846 P.2d 531 (1993). This is enough to preclude summary judgment at this time. State law supports this contention. Under RCW 51.24.020, a "worker or beneficiary of the worker shall have the privilege to take under this title and also have cause of action against the employer […] for any damages in excess of compensation and benefits paid or payable under this title," meaning that a disabled employee can bring additional discrimination claims against its employer. In sum, Boeing has failed to demonstrate how the subject matter and causes of action of the prior and current claims are the same. Thus, the failure-to-accommodate claim is not barred by res judicata.

### IV.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Boeing's Motion for Partial Summary Judgment, Dkt #20, is DENIED.

DATED this 21st day of June 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE