UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAYTHAMANI MOHAMED HASSAN,<br><br>                Plaintiff,<br><br>   v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>                Defendant. | Case No. 2:22-cv-01345-RSM<br><br>ORDER DENYING MOTION TO EXTEND DEADLINE FOR DISCOVERY RELATED MOTIONS |

       This matter comes before the Court on Plaintiff Hassan's "Motion to Extend Deadline for Discovery Related Motions." Dkt. #51. Plaintiff points out that certain discovery events will occur after the Court's deadline for the filing of discovery motions. Plaintiff requests that the deadline for motions be extended until after discovery is completed. *Id*.

       A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. "Mere failure to

complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6).  This rule will be "strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." LCR 16(m).  While prejudice to an opposing party may provide additional reasons for denying the motion, it is not required under Rule 16(b).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

The discovery motion deadline in the scheduling order is not unique to this case and is by design.  The Court has traditionally required the filing of discovery motions prior to the close of discovery to allow for the resolution of discovery issues without disrupting subsequent deadlines like the filing of dispositive motions.

Plaintiff's Motion includes no specific discovery concern and fails to explain why he was unable to conduct discovery earlier in this case.  Plaintiff fails to demonstrate diligence or good cause for the requested relief.

Accordingly, having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Hassan's Motion to Extend Deadline for Discovery Related Motions, Dkt. #51, is DENIED.

DATED this 3rd day of January, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE